UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                                 CASE NO. 90-80775
                                                 HON. LAWRENCE P. ZATKOFF

STEVO JANKOVIC,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 13, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is pending before the Court on Defendant's Petition for Writ of Error Coram Nobis [Dkt. 37]. The Government filed a response stating that it had insufficient information regarding Defendant's background history to address the claims in his Petition. Defendant then supplied the information to the Government and it filed a response. Defendant subsequently filed a reply to the Government's response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Petition be resolved on the briefs submitted. For reasons set forth below,

Defendant's Petition for Writ of Error Coram Nobis is DENIED.

## II.  BACKGROUND

Defendant is a citizen of Yugoslavia, but has resided in the United States since 1974 as a legal, permanent resident of the United States under a Green Card.  From about September 1990, to June 1991, he was involved in smuggling illegal aliens from Canada to the United States by transporting the aliens across the Ambassador Bridge.  On August 20, 1991, a twelve-count Indictment was filed in the Eastern District of Michigan.  Defendant was named in three counts.  Count I charged conspiracy to smuggle illegal aliens, under 18 U.S.C. § 371; Count II charged bringing in illegal aliens under 18 U.S.C. § 1324(a)(2); and Count III charged transportation of illegal aliens under 18 U.S.C. § 1324(a)(1)(B).

On March 27, 1992, Defendant, with appointed counsel, pled guilty to Count I of the Indictment.  According to Defendant's presentence report, no Rule 11 plea agreement was entered into between Defendant and the Government.  On June 11, 1992, this Court sentenced Defendant to three months of imprisonment and two years of supervised release.  At the sentence hearing, the Court dismissed Counts II and III.  The Court further advised Defendant of his right to appeal the sentence, and that if he was financially unable to hire an attorney to perfect an appeal of the sentence, the Court would appoint an attorney for him.  Defendant did not appeal his sentence, which he fully served.

Defendant now petitions this Court for the issuance of a writ of error coram nobis to vacate

his 1992 conviction and sentence due to ineffective assistance of his appointed counsel.[1] He alleges that his appointed counsel incorrectly advised him at the time of his guilty plea as to the immigration consequences if he pleaded guilty. Defendant contends that the immigration consequences of the plea were of extreme importance to him, that he specifically asked for advice on the consequences, and that he was told the plea would have no consequences. Defendant states that he was a resident alien with a Green Card at the time of his guilty plea, and that he is now subject to deportation based on the fact that his Green Card has not been reissued and is being held by the United States Citizenship Immigration Services.

### III. LEGAL STANDARD

Pursuant to the All-Writs Act, 28 U.S.C. § 1651, this Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A defendant may seek a writ of error coram nobis when his sentence has been fully served. *United States v. Norman*, 391 F.2d 212, 213 (6th Cir.), *cert. denied*, 390 U.S. 1084 (1968). Under the All-Writs Act, a writ of error coram nobis may issue in "extraordinary" cases that present compelling circumstances "to achieve justice" where no other remedies are available. *United States v. Morgan*, 346 U.S. 502, 507, 510–11 (1954). Such circumstances include "an earlier judgment of conviction [that] was flawed in a fundamental respect," *United States v.*

---

[1] Defendant supports the claims in his Petition with a signed affidavit. According to Defendant, the transcripts of Defendant's plea and sentence are not before this Court because the transcripts were not filed at the time of the resolution of the case (there was no appeal). The court reporter who recorded both the plea and sentence stated that her transcript notes of the hearing no longer exist. The Court did locate a transcript that reflects the Court's sentence, however, it provides no evidence of the colloquy between Defendant and his appointed counsel during the plea or sentence hearing.

*Denedo*, 129 S. Ct. 2213, 2224 (2009), and that such alleged errors "rendered the proceedings itself invalid." *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984) (per curiam) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). To justify such extraordinary relief, a defendant must demonstrate that there is "(1) an error of fact, (2) unknown at the time of the trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.* However, there is a "strong presumption" that the earlier "judgment of conviction is valid." *Sanusi v. Gonzales*, 474 F.3d 341, 344 n.3 (2007) (internal citations omitted) (reviewing a judgment of conviction to decide whether a writ of error coram nobis should issue).

## IV. ANALYSIS

Defendant argues that his appointed counsel's ineffective assistance to inform him of the potential immigration consequences following his guilty plea was a fundamentally unjust error of fact that requires the Court to grant his petition to vacate his conviction and sentence. This Circuit reviews Defendant's claim of ineffective assistance under the Sixth Amendment according to the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, an ineffective-assistance-of-counsel claim by a defendant consists of two components. First, a defendant must prove that counsel performed deficiently. *Id.* at 686. Second, the defendant must prove prejudice resulted from that counsel's deficient performance. *Id.* at 688 To demonstrate prejudice, the defendant must show that counsel's alleged errors were so serious that, but for those errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 694. A reasonable probability is "a probability sufficient to undermine the

confidence in the outcome." *Id.*

Similar to this case, the United States Supreme Court recently applied *Strickland* to a set of facts in which a defendant alleged his counsel was ineffective for failing to properly advise him on the deportation consequences of entering a guilty plea. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1478 (2010). In *Padilla*, the court held that a defendant's Sixth Amendment rights to effective assistance of counsel in a criminal case were violated when he received erroneous advice from his defense attorney as to the immigration consequences of pleading guilty to a drug offense in a state court. *Id.* at 1485. The defense attorney advised the defendant at the time of his plea that he "did not have to worry about immigration status since he had been in the country so long." *Id.* at 1478 (internal citation omitted). However, the defendant, a non-citizen who had resided in the United States for over forty years, "made his deportation virtually mandatory" by entering a guilty plea to a drug-trafficking offense. *Id.* Existing law at the time of the plea made it "truly clear" that his conviction for a drug offense was the basis for deportation. *Id.* at 1483. The court ruled that not only was it ineffective assistance to render erroneous advice about the deportation consequences to the defendant, but that it was also ineffective assistance for a defense attorney to be unable to provide the correct advice. *Id.* at 1484.

In this case, Defendant states in his affidavit that he did not agree to a plea agreement until after questioning his appointed counsel on the immigration consequences of pleading guilty. According to Defendant, his appointed counsel checked with the prosecutor and confirmed that Defendant would not have an issue with his immigration status. He also asserts that he has hired an immigration lawyer to "fight deportation," and that the immigration lawyer has requested a waiver hearing to prevent deportation. Defendant relies on *United States v. Kyriazakos*, No. 84-

20601, 2008 WL 4104321 (E.D. Mich. Aug 19, 2008), in which the Court issued a writ of error coram nobis vacating a defendant's conviction and sentence. In that case, the court relied on a Rule 11 plea agreement stating that in exchange for the defendant's cooperation, the Government would recommend that the defendant not be deported. *Id.* at *1. The *Kyriazakos* court found after reviewing the original proceedings and record that it was the intent of the parties and the sentencing court to allow the defendant to remain in the United States. *Id.* at *2. Based upon those findings, the court vacated the defendant's conviction and sentence. *Id.*

Defendant also cites to *Padilla* and *Denedo*. As the Court explained *supra*, in *Padilla*, the United States Supreme Court held that counsel's assistance may be ineffective when a defendant is not advised of the correct immigration consequences for pleading guilty to a criminal charge in a criminal proceeding. 130 S. Ct. at 1484. In *Denedo*, the United States Supreme Court held that a military appellate court has jurisdiction to review a defendant's petition for writ of error coram nobis. 129 S. Ct. at 2224. But the court did not review the merits of the defendant's petition. *Id.*

The Court, however, need not review Defendant's claim under *Strickland* to decide whether a fundamentally unjust error of fact exists because Defendant has not provided sufficient evidence for this Court to review the early judgment of conviction and sentence. *See Flippins*, 747 F.2d at 1091 (noting a district court's limited scope of review under a writ of error coram nobis to determine if an error occurred in the original proceeding). Contrary to Defendant's signed affidavit, there is insufficient evidence before the Court that a plea agreement was entered into between the parties. According to Defendant's presentence report, Defendant pleaded guilty without a Rule 11 plea agreement, and there is no evidence before the Court of a non-Rule 11 plea agreement. Further, there is no record before this Court to review the proceedings surrounding Defendant's earlier

6

conviction to determine under *Strickland* that, but for Defendant's appointed counsel's alleged errors, there is a reasonable probability that the outcome of the proceeding would have been different. Unlike in Defendant's cited authority, the Court does not have a sufficient record to determine the extent to which immigration consequences were considered at sentencing by the Court or the parties. *See Kyriazakos*, No. 84-20601, 2008 WL 4104321, at *2 (reviewing a Rule 11 plea agreement). As such, the Court is unable to determine on the record before it whether Defendant's appointed counsel or the prosecutor advised Defendant about any immigration consequences.

Moreover, the Government represents in its response brief that it has contacted the United States Department of Homeland Security,[2] and that no deportation proceedings are pending against Defendant. Defendant does not rebut the Government's representation. Thus, the Court does not find that there are any pending proceedings that would result in Defendant's deportation due to his 1992 conviction and sentence. *See Ctr. For Biological Diversity v. Rural Utils. Serv.*, No. 5:08-292-JMH, 2009 WL 3241607, at *3 (E.D. Ky. Oct. 2, 2009) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion.") (citing *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir.2008)).

Given the extraordinary circumstances necessary to issue a writ of error coram nobis, the Court finds that Defendant has failed to produce sufficient evidence for this Court to grant Defendant's petition. Because there is a strong presumption that Defendant's earlier conviction is valid, the Court is unable to determine that "a complete miscarriage of justice" has resulted from

---

[2] The United States Citizenship Immigration Services is a component of the United States Department of Homeland Security.

Defendant's appointed counsel's alleged errors. *United States v. Marcello*, 876 F.2d 1147, at 1154 (citing *Morgan*, 346 U.S. at 512).

## VI.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Petition for Writ of Error Coram Nobis [Dkt. #37] is DENIED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 13, 2011.


s/Marie E. Verlinde
Case Manager
(810) 984-3290