UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                                     CASE NO. 90-80775
                                                   HON. LAWRENCE P. ZATKOFF

STEVO JANKOVIC,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 23, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Reconsideration [dkt 43]. The Court ordered the Government to file a response, which the Government filed. Defendant then filed a reply to the Government's response and a supplemental brief, informing the Court of a recent decision by the United States District Court of the Southern District of Ohio in *United States v. Reid*, 2011 WL 3417235, No. 97-CR-94 (S.D. Ohio Aug. 4, 2011). The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted. For the reasons set forth

below, Defendant's Motion for Reconsideration is DENIED.

## II. BACKGROUND

As the Court set out in its April 13, 2011, Order, denying Defendant's Petition for Writ of Error Coram Nobis:

> Defendant is a citizen of Yugoslavia, but has resided in the United States since 1974 as a legal, permanent resident of the United States under a Green Card. From about September 1990, to June 1991, he was involved in smuggling illegal aliens from Canada to the United States by transporting the aliens across the Ambassador Bridge. On August 20, 1991, a twelve-count Indictment was filed in the Eastern District of Michigan. Defendant was named in three counts. Count I charged conspiracy to smuggle illegal aliens, under 18 U.S.C. § 371; Count II charged bringing in illegal aliens under 18 U.S.C. § 1324(a)(2); and Count III charged transportation of illegal aliens under 18 U.S.C. § 1324(a)(1)(B).
>
> On March 27, 1992, Defendant, with appointed counsel, pled guilty to Count I of the Indictment. According to Defendant's presentence report, no Rule 11 plea agreement was entered into between Defendant and the Government. On June 11, 1992, this Court sentenced Defendant to three months of imprisonment and two years of supervised release. At the sentence hearing, the Court dismissed Counts II and III. The Court further advised Defendant of his right to appeal the sentence, and that if he was financially unable to hire an attorney to perfect an appeal of the sentence, the Court would appoint an attorney for him. Defendant did not appeal his sentence, which he fully served.

In Defendant's instant Motion for Reconsideration, he requests this Court to reconsider its April 13, 2011, Order, denying Defendant's Petition for Writ of Error Coram Nobis. In Defendant's Petition, he requested that the Court issue a Writ of Error Coram Nobis to vacate his 1992 conviction and sentence due to the ineffective assistance of his appointed counsel. He alleged that his appointed counsel incorrectly advised him at the time of his guilty plea as to the immigration consequences if he pleaded guilty. Defendant contended that the immigration consequences of the

plea were important to him, that he specifically asked for advice on the consequences, and that he was told that a guilty plea would have no consequences to his immigration status. Defendant filed the Petition because he alleged that he is now subject to deportation based on the fact that his Green Card has not been reissued and is being held by the United States Citizenship Immigration Services.

In its April 13, 2011, Order, the Court denied Defendant's Petition without an evidentiary hearing on the basis that Defendant failed to provide sufficient evidence for this Court to review Defendant's judgment of conviction and sentence. The Court's decision was based on the legal authority cited by the parties and other relevant legal authority located by the Court. Defendant, however, argues that the Court was misled by holding the absence of evidence against him and summarily disposing of Defendant's Petition without first holding an evidentiary hearing.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

After Defendant filed his Motion for Reconsideration, the Court requested supplemental

3

briefs from the parties to assure that the facts and legal arguments were adequately presented to the Court. In refuting the statements in Defendant's Affidavit, the Government argues that the prosecutor in Defendant's case would have made no incorrect statements to Defendant's trial counsel regarding the immigration consequences of Defendant pleading guilty in this case. In replying to the Government's response, Defendant also filed a supplemental brief, citing an additional case decided after this Court denied Defendant's Petition for Writ of Error Coram Nobis.

Based on review of this case and the parties' additional briefing, the Court finds that Defendant's motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Defendant's motion presents issues that the Court has already ruled upon. S*ee* E.D. Mich. L.R. 7.1(h)(3). Defendant's only evidence to support his allegations that he was provided incorrect advise from his defense counsel is Defendant's own self-serving statements in his Affidavit. Defendant sets forth no other evidence to corroborate his statements. The only new legal authority cited to the Court is *United States v. Reid*, 2011 WL 3417235, No. 97-CR-94 (S.D. Ohio Aug. 4, 2011). This case, however, is not binding authority on this Court and fails to change the Court's conclusion. As the Court stated in its Order, the Writ of Error Coram Nobis is an extraordinary remedy, and Defendant provides the Court with insufficient evidence to warrant such a remedy. This case is twenty-one years old. If a defendant were able to merely have his prior sentence vacated based on only his self-serving affidavit, such precedent would disrupt the holding of numerous sentencing dispositions.

Further, the instant motion indicates only Defendant's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan*

4

*v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [dkt 43] is DENIED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: September 23, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 23, 2011.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290